IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RUSSELL CHARLES LEININGER,

        Petitioner,        Civil No. 09-725-AA

        v.        ORDER

PAULA MEYERS,

        Respondent.

AIKEN, District Judge.

    Petitioner was convicted of one count of Criminal Mischief and one count of Unlawful Use of a Weapon and sentenced to a total of 62 months of imprisonment. Exhibit 101.

    Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion, and the

1 - ORDER

Oregon Supreme Court denied review. Exhibits 104 - 110. He did not seek post-conviction relief in the state courts.

Petitioner filed a petition under 28 U.S.C. § 2254 alleging:

<u>Ground One:</u>  Trial court erred when it based the departure on the aggravating factor of use of a weapon in the commission of criminal mischief.

<u>Ground Two:</u>  Trial court did err when it based the departure on the aggravating factor threat of actual violence in count-3.

<u>Ground Three:</u>  Trial court did not have sufficient evidence to support a guilty finding in count-1 Attempt Theft by extortion.

<u>Count Four:</u>  State did not prove subcategory factor that the criminal mischief caused damage over $5000 dollars.

<u>Ground Five:</u>  Defendant filed motion claiming that count-3 unlawful use of a weapon and count-4 menacing is double jeopardy.

Petition (#1) p. 6 - 14.

Under 28 U.S.C. § 2254(a), federal courts may entertain applications for writs of habeas corpus by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." <u>Id</u>. Thus "[i]t is axiomatic that federal courts may intervene in

the state judicial process only to correct wrongs of [federal] constitutional dimension." Wainwright v. Goode, 464 U.S. 78, 83 (1983) (citing Engle v. Issac, 456 U.S. 107 (1982)).

Petitioner's Grounds One through Four do not cite the federal constitution, nor can any federal issues be discerned from these state law issues.

Moreover, petitioner did not mention the due process clause when he presented Grounds Three and Four to the Oregon state courts on appeal. See, exhibit 106. Petitioner apparently attempted to "federalize" Grounds One and Two to the state courts by alleging that the sentencing issue violated the due process clause. Exhibit 105. However, this allegation is insufficient to raise a federal claim. See e.g., Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999) (a state law claim cannot be repackaged as a federal claim simply by citing the due process clause.). In any event, petitioner never cited the due process clause relating to Grounds One and Two before the trial court, and thus the Court of Appeals could not consider the un-preserved argument. State v. Gornick, 340 Or. 160, 170 (2006); State v. Perez, 340 Or. 310 (Or. 2006).

In Ground Five, petitioner apparently argues that his double jeopardy rights were violated because he was tried for two separate offenses in the same trial. Double jeopardy is

3 - ORDER

not implicated by this scenario. The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life and limb. The "central purpose of the Double Jeopardy Clause [is] to protect [a defendant] against vexatious multiple prosecutions." United States v. Wilson, 420 U.S. 332, 343 (1975). The constitutional protection against double jeopardy bar a *successive* prosecution on the same offense of which a defendant has been previously acquitted or convicted. Brown v. Ohio, 432 U.S. 161, 165-66 (1977). In this case petition faced one trial for crimes stemming out of the same criminal event. These facts do not give rise to a double jeopardy claim.

    Petitioner's Petition (#1) is denied. This proceeding is dismissed.

    DATED this  5th  day of January, 2010.

                                  s/ Ann Aiken
                                  Ann Aiken
                                  United States District Judge